UNITED STATES of America,
Plaintiff–Appellee,

v.

Jose Santos PELAYO–RODRIGUEZ,
Defendant–Appellant.

No. 01–4125.

United States Court of Appeals,
Tenth Circuit.

June 7, 2002.

Before KELLY, McKAY, and
MURPHY, Circuit Judges.

**ORDER AND JUDGMENT** *

McKAY, Circuit Judge.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Mr. Santos Pelayo–Rodriguez appeals the district court's refusal to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. On May 6, 1998, Appellant was charged by indictment with illegal re-entry of a deported alien, in violation of 8 U.S.C. § 1326. Section 1326 allows for imprisonment of not more than two years. However, after Appellant received a sentence enhancement pursuant to 8 U.S.C. § 1326(b)(2), his sentence totaled seventy months of imprisonment. Section 1326(b)(2) allows for a punishment of "not more than 20 years" for a removed alien "whose removal was subsequent to a conviction for commission of an aggravated felony." The indictment did not mention the previous conviction.

In his plea agreement entered on July 22, 1998, Appellant signed a statement in which he admitted his previous aggravated felony conviction of possession of a controlled substance and "at least one" previous deportation. In his § 2255 petition, Appellant claims that his sentence was unlawfully enhanced because the prior felony was not set forth in the indictment. Appellant relies on *Apprendi v. New Jersey,* 530 U.S. 466, 476, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which holds that "any fact other than prior conviction that increases the maximum penalty for a crime

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

must be submitted to a jury and proved beyond a reasonable doubt." (quotations omitted).

The district court dismissed Appellant's petition, finding his claim was foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). In *Almendarez*, the Supreme Court held that an indictment need not set forth factors relevant to the sentencing of an offender and that § 1326(b)(2) is "a penalty provision, which simply authorizes a court to increase the sentence for a recidivist. It does not define a separate crime." *Id.* at 226, 118 S.Ct. 1219.

This circuit determined in *United States v. Prentiss*, 256 F.3d 971, 981 (10th Cir. 2001), that "the failure of an indictment to allege an essential element of a crime does *not* deprive a district court of subject matter jurisdiction; rather, such failure is subject to harmless error review." (Emphasis in original). While this appeal was pending, the Supreme Court decided *United States v. Cotton*, —— U.S. ——, 122 S.Ct. 1781, 1785, 152 L.Ed.2d 860 (2002), which affirmed *Prentiss* and overruled precedence "insofar as it held that a defective indictment deprives a court of jurisdiction."

In order for this court to grant a certificate of appealability, Appellant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do so, Appellant must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (quotations omitted).

We have carefully reviewed Appellant's brief, the district court's disposition, and the record on appeal. Nothing in the facts, the record on appeal, or Appellant's brief raises an issue which meets our standards for the grant of a certificate of appealability. For substantially the same reasons as set forth by the district court in its Order of May 10, 2001, we cannot say that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner." *Id.* We DENY Appellant's request for a certificate of appealability and DISMISS the appeal.